UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Deonta Duwand Simpson,

              Petitioner,    Case No. 24-cv-10753

v.                              Judith E. Levy
                                United States District Judge

Fredeane Artis,

                                Mag. Judge Elizabeth A. Stafford

             Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION
TO HOLD THE HABEAS PETITION IN ABEYANCE [9]**

This is a habeas case brought under 28 U.S.C. § 2254. Petitioner Deonta Duwand Simpson, a Michigan prisoner who is self-represented, challenges his Jackson Circuit Court convictions of one count of possession of methamphetamine with intent to deliver, in violation of Mich. Comp. Laws § 333.7401(2)(b)(i); and one count of possession of cocaine with intent to deliver, in violation of Mich. Comp. Laws § 333.7401(2)(a)(iv). (ECF No. 1.) The matter is before the Court on Petitioner's motion to hold the habeas petition in abeyance for him to exhaust additional claims in the state courts. (ECF No. 9.) Respondent

Fredeane Artis has not opposed the motion. For the reasons stated below, the motion is granted.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id.*; *see* 28 U.S.C. § 2254(b)(1), (c). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

A federal court may opt to stay a federal habeas petition and hold it in abeyance "while the petitioner returns to state court to exhaust his previously unexhausted claims." *See Rhines v. Weber*, 544 U.S. 269, 275, 278 (2005). After the petitioner exhausts his state remedies, the federal court may "lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275–76.

The Court concludes that such a stay is warranted here. Because a stay will enable Petitioner to exhaust his state-court remedies for all of his claims, and because there is no indication that Petitioner has engaged

2

in intentionally dilatory actions or that his unexhausted claims are plainly meritless, the Court stays the petition and holds it in abeyance while he exhausts those claims in state court.

Accordingly, IT IS ORDERED that Petitioner's motion to hold his habeas petition in abeyance while he pursues state-court remedies (ECF No. 9) is GRANTED.

IT IS FURTHER ORDERED that the stay is conditioned upon Petitioner fully exhausting his state-court remedies, including filing a motion for relief from judgment in the trial court within sixty days of the date of this order, and if necessary, seeking timely review in the Michigan Court of Appeals and the Michigan Supreme Court in the manner provided under Michigan law.

IT IS FURTHER ORDERED that the stay is also conditioned on Petitioner's return to this Court, with a motion to re-open his petition, using the same case caption and case number included at the top of this order, within sixty days of fully exhausting his state-court remedies. If Petitioner fails to comply with any of these conditions, the Court may dismiss his petition and/or rule only on his currently exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

IT IS SO ORDERED

Dated: May 14, 2025  	s/Judith E. Levy
    Ann Arbor, Michigan  	JUDITH E. LEVY
                                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 14, 2025.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager